## STATE v. JOHN CLARK.[1]

### April 8, 1921.

### No. 22,271.

**Abandonment of child.**

    1. The elements of the offense of abandoning a child, as defined by chapter 213, Laws 1917, are the desertion of the child, the failure to support it and an intent wholly to abandon it. There is a desertion when a parent quits the society of his child and renounces the duties he owes it. There is a failure to support, though some contributions are made, if they are wholly inadequate. There is an abandonment, if the desertion is accompanied by an intention entirely to forsake the child.

**Verdict supported by evidence.**

    2. The evidence sustained the verdict of guilty.

**Indictment need not state time of offense.**

    3. The precise time at which the offense was committed was not a material ingredient of the offense itself. It was unnecessary to state it exactly in the indictment or to prove a commission of the offense at the time alleged, for the reason that it is a continuing one.

**Charge to jury.**

    4. There was no error in the instructions.

Defendant was indicted by the grand jury of St. Louis county charged with the crime of abandonment of children, tried in the district court for that county before Dancer, J., and a jury and found guilty. From an order denying his motion for a new trial, defendant appealed. Affirmed.

[1]Reported in 182 N. W. 452.

*McCoy & Hansen,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Warren E. Greene,* County Attorney, for respondent.

LEES, C.

Section 246 of the Penal Code, enacted at the 1885 session of the legislature, provided that a parent of a child under the age of six years, who deserted the child in any place, with the intent wholly to abandon it, should be punished by imprisonment in the state prison for not more than seven years, or in a county jail for not more than one year.

The code was amended by chapter 212, p. 342, Laws 1889, fixing the age of the child at ten years, reducing the penalty to imprisonment for not more than one year in the state prison, and adding that the wilful omission, without lawful excuse, to furnish food, clothing and shelter to a minor child, should be a misdemeanor. The statute as amended was carried, without substantial change, into the 1905 revision as section 4933. In substance it appears again in chapter 144, p. 183, Laws 1911, and again in chapter 336, p. 468, Laws 1915, with this addition: A husband, deserting his wife and children, if any of the children were unable to support themselves, was declared to be guilty of a felony.

The final amendment was made by chapter 213, p. 308, Laws 1917, under which the defendant was indicted. This amendment, so far as pertinent, reads: "Every parent having legal responsibility for the care or support of a child who is under the age of sixteen years and unable to support himself by lawful employment, who deserts and fails to care for and support such child with intent wholly to abandon him * * * is guilty of a felony. * * * Desertion of and failure to support a child * * * for a period of three months shall be presumptive evidence of intention wholly to abandon."

Defendant was convicted and appeals from an order denying his motion for a new trial. His first contention is that the state failed to prove a violation of the statute. The offense consists of three elements: (1) Desertion of the child; (2) the failure to care for and support it; (3) an intent wholly to abandon it. The words "desert" and "abandon" are not generally understood to be synonymous. As used in the statute,

they evidently do not mean the same thing. There is a desertion when a father quits the society of his children and renounces the duties he owes them. State v. Baker, 112 La. 801, 36 South. 703. The evidence showed that this is exactly what the defendant did. People v. Joyce, 112 App. Div. 717, 98 N. Y. Supp. 863, affirmed in 189 N. Y. 518, 81 N. E. 1171, is relied on, but it is not in point. The court held that a father who leaves his children with their mother and fails to support them does not commit such an abandonment as the code of New York intends to punish. The language of the code is that a parent, who "deserts his child in any place, with intent wholly to abondon it," is punishable, etc. Stress was laid on the words "in any place." It was thought that these words indicated a legislative intent to punish a parent who left his child in a place where there was no one to care for it as, for example, on a highway or in an unoccupied building, intending to leave it there exposed to physical danger. These words were originally in our statute, but are there no longer. Their omission is significant and renders the New York decision inapplicable.

We think there is an abandonment when the desertion is accompanied by an intention to entirely forsake the child. There must be an intention to sever the parental relation and wholly throw off all obligations that spring from it. Gay v. State, 105 Ga. 599, 31 S. E. 569, 70 Am. St. 68. Defendant left his wife and children and remained away about four years, writing to his wife occasionally and sending small sums of money to her. Early in July, 1919, he returned for a few days on hearing that one of the children had an attack of appendicitis. On July 10 he left again, going to Savanna, Illinois, where he was arrested in January, 1920. He asked to see a woman there, who said on confronting him after his arrest: "I thought you said you were divorced, when I married you." His reply was: "That is what I am going down now with these gentlemen to find out, whether I am or not." There is nothing in the record to indicate that there had ever been an attempt on the part of defendant or his wife to obtain a divorce. Defendant's long continued absence, his neglect of his children, and especially his bigamous marriage, entitled the jury to find that his desertion was accompanied by an intent wholly to abandon and cast off his children.

There was ample evidence to show that defendant had failed to care

for and support his children. It was not necessary for the state to show that he had completely failed to support them. Though some support was furnished, it was wholly inadequate. It did not amount to more than $400 during the four or more years of his absence. This was a failure to support within the meaning of the statute. State v. Langford, 90 Ore. 251, 176 Pac. 197; Dempsey v. State, 108 Ark. 76, 157 S. W. 734. For these reasons the contention that the state did not produce sufficient evidence to warrant a verdict of guilty cannot be sustained.

Defendant took exception to portions of the instructions to the jury and contends that they were erroneous. They were to the effect that, if defendant left his children months or years before July 10, 1919—the date fixed in the indictment—and continued to stay away and desert them, then the desertion could be charged as of any day during the period of the continuance of the desertion; that it was not necessary to charge the desertion as of the time when he actually left home, and that the offense charged was a continuing one.

The precise time at which the offense was committed was not a material ingredient in the offense itself. Section 9139, G. S. 1913. It was, therefore, unnecessary to state it exactly in the indictment, State v. Dufour, 123 Minn. 451, 143 N. W. 1126, 49 L.R.A. (N.S.) 792, or to prove that the offense was committed at the time alleged. State v. Dlugi, 123 Minn. 392, 143 N. W. 971. It is generally held that a father's unlawful failure to support his dependent children is a continuing offense. State v. Witham, 70 Wis. 473, 35 N. W. 934; Watke v. State, 166 Wis. 41, 163 N. W. 258; State v. Gillmore, 88 Kan. 835, 129 Pac. 1123, 47 L.R.A. (N.S.) 217; Burton v. Commissioners, 109 Va. 800, 63 S. E. 464; State v. Langford, supra. We think the same principle is applicable to the abandonment of dependent children by their father and that the offense is continuing, at least until the defendant has once been convicted of it. Phelps v. State, 10 Ga. App. 41, 72 S. E. 524; Gay v. State, supra. There can be no doubt that a father's duty to support his children is a continuing one, and, insofar as the defendant's failure to perform that duty was an element of the offense with which he is charged, the instructions were clearly correct. As to the element of intentional abandonment, there may be some uncertainty as to the meaning of the statute. Possibly, as indicated in the Georgia decisions, a father, who has been

convicted of wholly abandoning his children, may not be prosecuted a second time on a similar charge, unless he had resumed the performance of his parental obligations and had thereafter renounced them once more. We have been asked to indicate our views for the guidance of prosecuting officers, but, inasmuch as the question is not directly involved in this appeal, we prefer to express no definite opinion until the necessity for doing so arises. We merely hold there was no error in the instructions to which we have referred.

The alleged failure to instruct that evidence of contributions to the children subsequent to their alleged abandonment should be considered as bearing on the existence of an intent to abandon them, was the basis of the only other exception taken to the charge. The jury's attention was called to this evidence and they were told to consider the amounts so contributed and whether they were all defendant could contribute in a bona fide endeavor to support his children, or whether they were made to lead his wife and children to believe that he was doing all he could and so avoid having a charge made against him. There was no error in this.

It is urged that the charge confused the offense of abandoning dependent children, which is a felony, with failure to support them, which is only a misdemeanor. On reading the charge as a whole, we entertain no doubt that it is not open to attack in this respect. Only by reading disconnected excerpts from it can any color be given to defendant's criticism that it was pertinent to a nonsupport, but not to an abandonment, case.

Order affirmed.