### 17781.  FRY *v.* THE STATE.

Abandonment by the defendant in this State of his year-old child, born when the mother was on a visit outside the State, was sufficiently shown by the evidence.

Evidence that the defendant had gonorrhea and gave it to his wife, and that as a result her babe was born blind in one eye, was admissible; it could show a reason for their separation.

The charge of the court as to where dependency began was not erroneous.

No ground for reversal is shown.

DECIDED JANUARY 11, 1927.

Abandonment of child; from city court of Summerville—Judge Neal.  October 28, 1926.

Application for certiorari was denied by the Supreme Court.

It was complained that the court refused a written request to charge as follows: "If you find that the dependency upon others of the child began in a State other than the State of Georgia, and afterwards this child was brought into this State and county, and the defendant did not know of said child having been brought into said State, then he could not be convicted of the offense of abandonment in this State." The court charged: "The crime, if any is committed, under section 116 of the Penal Code, which I have just read in your hearing, is in the county where the child's dependency upon others begins.  If you should find that the defendant abandoned his minor child and failed to support it, as alleged, in this county, on the date alleged or within two years prior to the filing of this indictment (which was on the 13th day of September, 1926), it would be your duty to find the defendant guilty; otherwise it would be your duty to acquit the defendant."

Criminal Law, 16 C. J. p. 164, n. 48.

Parent and Child, 29 Cyc. p. 1677, n. 3, 5; p. 1678, n. 11, 14; p. 1679, n. 33, 35 New.

It was complained that the court charged as follows: "The relation between the father and mother and the conduct of the mother has nothing to do with this case, but has been permitted to go to you for the purpose of aiding you, if it does aid you, in arriving at a true and proper verdict in the case on trial, and for that purpose only." It was alleged that this was an intimation of what had been proved, and of the guilt of the accused, in that it charged that the conduct of the father did have something to do with the case; also that it was confusing and misleading, in that it did not explain how this evidence, though having nothing to do with the case, could aid the jury in arriving at a verdict.

It was complained that the court, in the presence of the jury, said to counsel for the defendant, in reply to their objection to testimony that the defendant gave gonorrhea to his wife: "I think it had as much to do with the case as matters relative to his relations with her mother in law that I have let you inquire into, and I will let it stay in because I have let you inquire into that." It was alleged that this was a prejudicial expression of opinion on the part of the court.

The main facts of the case are stated in the following opinion.

*John D. & E. S. Taylor,* for plaintiff in error.

*J. F. Kelly, solicitor,* contra.

LUKE, J. 1. The defendant was convicted of abandoning his year-old child. The motion for a new trial alleges that the abandonment took place in Alabama, and that hence the conviction can not stand. The evidence shows that the defendant's wife, at the time conception took place, was living with him and his mother in Chattooga County, Georgia; that a short time before the birth of her child the wife went to Alabama, where her sister could attend her during child-birth, since the mother of the defendant was too old to be of much assistance in this respect; that this trip was made with the full consent of the defendant; that the wife never changed her residence to Alabama, but was there only on a visit for the purpose stated above; that the child was born in Alabama when the mother was there on this visit and when the residence of both parents was in Chattooga County, Georgia, and that the defendant visited his wife and child in Alabama. The wife later came from Alabama back to Chattooga County, Georgia. She testified: "I have been back in Georgia nearly two months. I came

to this county nearly two months ago.   The child has been dependent upon others in this county since I came back from Alabama. My father lives in this county and I am living with him now. · I went down to Alabama for my confinement.   He [the defendant] has not contributed anything for support of me or my child since I came back to Georgia and has not lived with me.  .  .   Three weeks after I brought my child back I swore out a warrant for him, charging him with abandonment.   That warrant is the basis of this case."   The defendant contends that he did not know his wife and child were in Georgia, but, according to the testimony quoted above, he must have known it after the warrant for him was sworn out, about five weeks before the trial, and he contributed nothing towards the support of his child during that time.   Furthermore, the jury could properly presume, from the evidence adduced, that if the defendant was not sufficiently interested to ascertain the whereabouts of his child, he had abandoned it.   The evidence indicates that there was some disagreement between the parents of the child during the wife's visit in Alabama, but it does not show an abandonment of the child there.   Even if the wife were censurable in any disagreement which she might have had with her husband (which the evidence does not show), this would not relieve the husband of the duty to support his year-old child.

2.   Error is alleged because the court admitted evidence that the defendant had gonorrhea and gave it to his wife, and that as a result her babe was born blind in one eye.   Under the particular facts of this case there was no error in admitting this evidence.   It could show a reason for the parents living in a state of separation; separation from the wife in this case was separation from the child, which was of tender years and was with its mother; and "absence is a necessary element in the crime of abandoning destitute and dependent children."   *Brown* v. *State*, 122 *Ga.* 568 (50 S. E. 378).

3.   The court did not err in the charge relative to where the dependency began.

4.   The evidence supports the verdict, none of the grounds of the motion for a new trial show reversible error, and the court properly overruled the motion..

*Judgment affirmed.   Broyles, C. J., concurs.   Bloodworth, J., absent on account of illness.*