**In the Matter of the Petition of M.G. and J.G., his wife, to adopt H.A.B.**

**No. C2–85–391.**

Court of Appeals of Minnesota.

Oct. 29, 1985.

Mark A. McDonough, Apple Valley, for appellants M.G. and J.G.

Father, C.B., respondent pro se.

Wright S. Walling, Minneapolis, for appellant Child.

Heard, considered and decided by HUSPENI, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

HUSPENI, Judge.

M.G. and J.G. petitioned to adopt H.A.B. C.B., the natural father, contested the adoption. This is an appeal from a trial court order denying M.G. and J.G.'s petition. We affirm.

## FACTS

Appellants are the stepfather and natural mother of H.A.B., the only child from mother's marriage in 1973 to father. H.A.B. is now eleven years old. Mother and father's marriage was dissolved in 1976. Pursuant to the dissolution decree, mother was granted custody of H.A.B., subject to father's visitation. At the time of the dissolution, H.A.B. was two years old.

Mother and stepfather married in 1984 and have resided together with H.A.B. since 1981. They currently have plans to move to Spokane, Washington, where stepfather has accepted a new job.

For a short time after the 1976 marriage dissolution, father exercised his visitation rights with H.A.B. without any problems. Eventually, father's visits grew sporadic and the relationship between him and H.A.B. deteriorated. H.A.B. was often upset and depressed after visiting father. Following the recommendation of a counselor, mother set guidelines for father's visits. Visitation never successfully resumed after these guidelines were set. The trial court found that, in the three years preceding the adoption hearing, there was no visitation between father and H.A.B., except for one visitation session which occurred after the commencement of the adoption proceedings.

Father testified that between approximately January 1983 and the time of the adoption hearing he visited H.A.B. about six times. Father moved to Missouri in June 1983. He testified that he has visited H.A.B. once for an hour since he moved to Missouri. He has called H.A.B. once from Missouri and sent her birthday and Christmas cards.

Pursuant to the dissolution decree, father was ordered to pay child support of $50 per month. He has failed to make child support payments for approximately three and one-half years.

Since 1981, stepfather has established a strong parent-child relationship with H.A.B. H.A.B. testified at the adoption hearing that she no longer feels a parental bond with her father and she wants to be adopted by her stepfather. Father does not, however, consent to the adoption and

seeks to maintain or reestablish his relationship with H.A.B.

The court-appointed guardian ad litem for H.A.B. testified that it was in the best interests of H.A.B. to grant mother and stepfather's petition for adoption. The guardian ad litem based this conclusion on her opinion that father had abandoned H.A.B. The Hennepin County social worker's report made the same recommendation as the guardian ad litem did.

The court found that it would be in H.A.B.'s best interests to grant mother and stepfather's petition for adoption. The court concluded, however, that mother and stepfather did not prove any of the grounds for termination of parental rights pursuant to Minn.Stat. § 260.221 (1984). Nor did they prove any of the grounds which permit an adoption without the consent of a parent pursuant to Minn.Stat. § 259.24 (1984). Accordingly, the trial court denied the petition. Mother and stepfather and the guardian ad litem appeal.

### ISSUE

Did the trial court err in denying appellants' petition to adopt H.A.B.?

### ANALYSIS

■ Parental rights may not be terminated unless the party seeking the termination can show clear and convincing evidence that a specific statutory ground for termination exists. *In re Welfare of Maas*, 355 N.W.2d 480, 482 (Minn.Ct.App.1984).

■ Minn.Stat. § 260.221 allows termination of parental rights without the consent of the parent if, among other grounds, the parent abandoned the child or the parent has been ordered to contribute to the support of the child and has continuously failed to do so without good cause. Minn. Stat. § 260.221(b)(1), (3) (1984). Similarly, Minn.Stat. § 259.24, subd. 1(b) (1984) allows an adoption without the consent of a parent when the parent has abandoned the child. Here, the trial court determined that none of these statutory grounds for termination of parental rights or for adoption

without the consent of the parent exists. The trial court's findings will not be overturned in a termination case unless they are clearly erroneous. *In re Welfare of P.J.K. & J.L.K.*, 369 N.W.2d 286, 290 (Minn.1985) (quoting *In re Welfare of Solomon*, 291 N.W.2d 364, 367 (Minn.1980)). We do not believe that the trial court's findings are clearly erroneous.

Mother and stepfather contend that there is clear and convincing evidence that father abandoned H.A.B. The standard for abandonment is set forth in *Staat v. Hennepin County Welfare Board*, 287 Minn. 501, 178 N.W.2d 709 (1970), as follows:

[T]here is an abandonment when the desertion is accompanied by an intention to entirely forsake the child. There must be an intention to sever the parental relation and wholly throw off all obligations that spring from it.

*Id.* at 505, 178 N.W.2d at 713 (quoting *State v. Clark*, 148 Minn. 389, 391, 182 N.W. 452, 453 (1921)).

There is no evidence that father has severed his relationship with H.A.B. to such a degree as to constitute abandonment. While it is undisputed that father has not exercised any parental responsibilities during the past three years, his testimony at the adoption hearing indicated a willingness and ability to assume his parental responsibilities. The trial court determined that the only deterrent to re-establishing the relationship between father and daughter is H.A.B.'s attitude toward her father.

■ We recognize that in the past there have been problems with father's visitation. He would make unrealistic promises to H.A.B. and keep irregular eating and sleeping schedules when H.A.B. visited him. It appears that father was unable to correct these problems, so he stopped visiting H.A.B. We believe the trial court did not err in declining to categorize this behavior as abandonment.

■ Appellants argue that the court should terminate father's parental rights on the basis that he has not paid his child support obligations of $50 per month for

three and one-half years. The test is whether father is presently able and willing to assume his responsibilities, not whether he has been delinquent in the past in his parental duties. *In re Petition of Linehan*, 280 N.W.2d 29, 31 (Minn.1979). It appears from the record that father is willing to begin making his child support payments again. While we do not approve of father's failure to pay child support for three and one-half years, again we do not believe the trial court erred in refusing to terminate parental rights on the grounds of non-support.

Appellants also argue that the trial court failed to properly balance the best interests of H.A.B. Parental rights may not be terminated solely on the ground that it is in the best interests of the child to do so. *In re Welfare of J.W.M.*, 290 N.W.2d 770, 772 (Minn.1980); *In re Welfare of Copus*, 356 N.W.2d 363, 367 (Minn.Ct.App. 1984). There must also be "sufficient evidence that a specific statutory ground for termination exists." *In re Welfare of Solomon*, 291 N.W.2d 364, 367 (Minn.1980). Here there was no such evidence.

The circumstances of all principals here are not unlike those of many blended families which result from dissolution and remarriage. The desire of mother, stepfather, and child to form and nurture a stable and complete legal family unit is understandable. Understandable, also, is natural father's desire to reconcile and re-establish a relationship with his daughter. Termination of parental rights is a drastic measure. The legislature wisely provided that such termination only occur upon a showing by clear and convincing proof that one of the statutory grounds has been met. The trial court did not err in its determination that such high standard had not been met here.

### DECISION

The trial court properly denied appellants' petition for adoption of H.A.B. when no statutory ground for termination of respondent's parental rights exists.

Affirmed.