STATE v. CLAPPER.

1. **Practice in the Supreme Court:** ABSTRACT NOT OBJECTED TO DEEMED CORRECT. When a party has served an amended abstract on an opposite party, who has made no response thereto, such abstract must be deemed correct.

2. ———: INDICTMENT: PRESUMPTION IN FAVOR OF LOWER COURT. When for some reason not disclosed by the record, an indictment was set aside and the cause referred back to the same grand jury, the action of the court must be presumed to be correct.

3. **Indictment:** ON MINUTES OF TESTIMONY. In such case it is no objection to a second indictment found by the same grand jury that the indictment was found on the minutes of the evidence attached to the first indictment. There was no necessity for the grand jury to see and hear the witnesses again.

4. ———: BAILEE AS OWNER. In an indictment for taking goods from the custody of a sheriff, the sheriff was alleged to be the owner of the goods, *held* not bad on demurrer, as the sheriff was a bailee in possession.

*Appeal from Polk District Court.*

WEDNESDAY, SEPTEMBER 20.

INDICTMENT for taking from the custody of an officer certain goods and chattels. The defendant was found guilty and judgment rendered thereon and he appeals.

No appearance for appellant.

*Smith·McPherson, Attorney-general,* for the State.

SEEVERS, CH. J.—The attorney-general has filed an amended abstract which, as we are advised, has been served on the defendant, who has made no response thereto. Under such circumstances such abstract must be deemed true. This being so, there are but two questions that can be considered by us.

The first is whether the court erred in overruling the motion to set aside the indictment. It appears a previous indictment had been found for the same offense which, for some reason not disclosed by the record, was set aside and the cause referred back to the grand jury. In the absence of any showing to the contrary, the foregoing action of the court must in all respects be presumed to be correct.

As we understand, the present indictment was found on the minutes of the evidence attached to the first indictment and one additional witness who was examined before the grand jury. The motion to set aside the indictment, among other reasons, was based on the fact that all the witnesses upon whose evidence the indictment was found were not examined by the grand jury. But this is a mistake. Both indictments were found by the same grand jury, and therefore the witnesses were examined by such jury. When the first indictment was found the grand jurors heard the evidence, and saw the witnesses, and there was no necessity to hear or see them again. Several other reasons are assigned in the motion as grounds for setting aside the indictment, but in the state of the record the foregoing is the only one that can be considered.

The second question we are called upon to consider is as to the sufficiency of the indictment. It was found under section 3915 of the Code, and substantially charges a crime as defined by the statute. We are unable to discover any objection thereto. The most specious grounds assigned in the demurrer is that the sheriff, from whom the property was taken was alleged to be the owner thereof. This, we think, is correct because the sheriff was a bailee in possession.

AFFIRMED.