# STATE v. JAMES DUFFY.[1]

February 28, 1930.

No. 27,785.

[1]Reported in 229 N. W. 558.

*Archie M. Cary, Harold E. Paulson* and *Mark J. McCabe,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

Taylor, C.

The defendant was convicted of the crime of extortion, and appeals from an order denying a new trial and also from the judgment.

G. S. 1923 (2 Mason, 1927) § 10377, so far as here material, provides:

"Extortion is the obtaining of property from another, with his consent, induced by a wrongful use of force or fear, or under color of official right. Every person who * * * by a threat * * * to accuse him * * * of any crime, or to expose or impute to him * * * disgrace * * * shall extort any money or other property from another, under circumstances not amounting to robbery, * * * shall be guilty of extortion."

The indictment so far as here material charges that defendant did obtain the sum of $225 from one Andrew Golden

"by means of a threat then and there made by the said James Duffy to the said Andrew Golden to expose and impute to him, the said Andrew Golden, disgrace, in this, to publicly accuse the said Andrew Golden with operating and theretofore having operated a gambling house * * * the said Andrew Golden being then and there induced to part therewith solely by fear of said threat so made * * *."

Defendant rests his appeal mainly on the claim that there is a fatal variance between the indictment and the proof.

The evidence shows that Golden and three associates were operating a gambling house in the city of Minneapolis; that Golden had charge of it; that defendant demanded from Golden the sum of $75 per week, to be divided between defendant and two aldermen from that ward of the city, and threatened to have Golden arrested

and the gambling house closed unless this sum was paid; and that Golden paid this sum to defendant weekly for fear that if he did not he would be arrested for running a gambling house and the house would be closed.

Defendant insists that under the indictment the state was required to prove that Golden paid the money for fear of being exposed to disgrace, and that proving that he paid it for fear of being arrested is not sufficient to sustain the charge. Golden stated repeatedly that he paid for fear that otherwise he would be arrested and the place closed and also stated that he paid for fear he would be arrested and disgraced. Whether the term "disgrace" was used either in the threats or by Golden we do not deem important. While the indictment charged a threat to expose and impute to Golden disgrace, it further charged in substance that such exposure and imputation would consist in publicly accusing him of operating a gambling house. Operating a gambling house is a crime under our laws. The indictment in substance charged a threat to accuse Golden of a crime. A person may be exposed to disgrace or have disgrace imputed to him without being accused of acts which constitute a crime; but to accuse him of acts which do constitute a crime necessarily carries with it an imputation of disgrace. To commit a crime and be publicly accused of it entails disgrace of a greater or less degree according to the character of the offense.

The statute provides:

"Words used in the statutes to define a public offense need not be strictly pursued in the indictment, but other words conveying the same meaning may be used." G. S. 1923 (2 Mason, 1927) § 10646.

The statute further provides:

"No indictment shall be insufficient, nor shall the trial, judgment, or other proceedings thereon be affected, by reason of a defect or imperfection in matter of form which does not tend to the prejudice of the substantial rights of the defendant upon the merits." G. S. 1923, § 10648, as amended, 2 Mason, 1927, id.

These and other statutory provisions were enacted for the purpose of doing away with the technicalities of the common law. 3 Dunnell, Minn. Dig. (2 ed.) § 4365, and citations.

"It is sufficient if the proof agree with the allegation in its substance and generic character, without precise conformity in every particular." State v. Lautenschlager, 22 Minn. 514, 522.

The evidence shows that money was extorted by means of a threat of the character charged. Defendant could not have been surprised nor prejudiced in any of his substantial rights by the character of the evidence. There was no substantial variance between the charge and the proof, and the statute precludes sustaining the technical objection urged.

Defendant contends that the court erred in permitting Golden to testify concerning a conversation over the telephone with a man who said his name was Duffy. Golden testified that he went to Duffy's house and had the conversation with him in which the threats were made. He was asked how he came to go there. He stated that he was called on the telephone by a man who said his name was Duffy, and who insisted that he come to his, Duffy's, house for a talk, and who gave his street and number; and that he, Golden, went to the street and number given, which was Duffy's house, and there met Duffy, the defendant, and had the conversation with him above mentioned. The transaction taken as a whole was sufficient to identify defendant as the one who talked with Golden over the telephone. Merchants Nat. Bank v. State Bank, 172 Minn. 24, 214 N. W. 750; Lundgren v. Union Ind. Co. 171 Minn. 122, 213 N. W. 553, 52 A. L. R. 580.

Defendant also contends that the court erred in permitting the witness Maurer to testify concerning a transaction in respect to this same gambling house which took place about a year prior to the transaction in question.

Fred Maurer and E. J. Sweeney were city aldermen from the ward in which the gambling house was located. At the time of the trial Maurer was serving a sentence in prison for receiving a bribe. He testified in substance that under an arrangement between him-

self, Sweeney and Duffy, Duffy collected $75 per week from Golden and divided it equally between the three. He further testified that in the preceding year under a similar arrangement between the same three Duffy collected a similar amount from the operators of a gambling house at this same place and divided it between the three. At that time the money was collected for a period of something over two months. At the time involved in the present case the place had been operated for two weeks before the demand was made, and defendant demanded $75 per week for those two weeks and for each week that the place ran thereafter. Defendant insists that the testimony as to the collections made the preceding year was inadmissible because tending to prove an independent crime. The state insists that it was admissible as tending to show a conspiracy and plan to extort money from operators of gambling houses in that ward. We incline to the view that the ruling admitting this testimony was within the discretion of the trial court. State v. Johnson, 173 Minn. 543, 217 N. W. 683, and citations. But however this may be, we are satisfied that its admission did not constitute prejudicial or reversible error. The testimony as to the making of the threats and the obtaining of the money by means thereof in the present case is direct, clear and positive, and stands undisputed. Defendant made no attempt whatever to controvert or refute it. The essential facts so clearly and positively proved were not denied except as put in issue by the plea of not guilty.

Peter Jeub was one of the associates of Golden in operating the gambling house. After defendant had made the first collection from Golden, Jeub went to Sweeney and attempted to make a different arrangement for the subsequent payments, but was told to go to defendant. Admitting Jeub's testimony concerning this conversation is urged as error on the ground that defendant was not present. This testimony was of little, if any, importance; but as the money was then in process of collection under the arrangement between the three, we see no error in admitting it.

Defendant also complains of the charge. His objection to it is based mainly on the claim that he could not be convicted under the

indictment unless the jury found that Golden paid the money for fear of disgrace as distinguished from fear of arrest; and that the court in referring to the threats which must be proved to warrant a conviction did not specifically limit them to threats of exposure to disgrace in some portions of the charge, although he did so limit them in other portions. The charge was eminently fair to defendant and sufficiently covered all the material issues in the case, and we find nothing in it of which defendant can justly complain.

A careful examination of the record discloses nothing which would justify a reversal, and the order and the judgment are both affirmed.