## STATE v. ARTHUR K. WURDEMANN.

120 N. W. (2d) 317.

March 8, 1963—No. 38,836.

*Jenson, Irvine & Ramstad* and *Robert A. Peterson* for appellant. *Walter F. Mondale*, Attorney General, and *Charles E. Houston*, Solicitor General, for respondent.

SHERAN, JUSTICE.

The appeal is from an order of the district court denying defendant's motion for judgment in his favor or, in the alternative, a new trial, after a verdict of guilty in criminal proceedings.

The information charged defendant with an attempt to induce a witness to withhold true testimony in violation of Minn. St. 613.09.[1]

---

[1]Minn. St. 613.09 provides: "Every person who shall give, or offer, or promise to give, to any witness, or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced, or who shall attempt by any other means fraudulently to induce any witness to give false testimony, or to withhold true testimony, shall be guilty of a felony."

The proof at trial established that defendant attempted to induce a young woman to absent herself completely and give no testimony whatever in an arson case in which it was then contemplated she would be called as a witness. At the time of the inducement alleged, she was not under subpoena.[2] The defendant having been found guilty as charged, the question raised by the appeal is whether the verdict must as a matter of law be set aside.

In State ex rel. Thurston v. Sargent, 71 Minn. 28, 30, 73 N. W. 626, 627, it was held that a defendant who paid a prospective witness $15 to leave Duluth and not appear in a pending criminal proceedings had not violated a statute which is now § 613.09 because that section was directed—

"* * * not against bribing or offering to bribe the witness *to stay away from the trial,* and *give no testimony at all,* but against bribing or offering to bribe him to give false testimony, or 'to withhold true testimony' when testifying." (Italics supplied.)

This decision has been controlling in Minnesota for 65 years and we are not persuaded to overrule it.[3]

The testimony in this case would have justified a conviction under Minn. St. 613.76, which makes an attempt to suppress evidence a gross misdemeanor.[4] However, the information does not charge a violation of this statute; the jury was not instructed with respect to it; and the efforts of defendant's attorney to call the distinction between

---

[2]This fact is significant in light of Minn. St. 613.48, which reads: "Every person who shall wilfully prevent or dissuade any person who has been duly summoned or subpoenaed as a witness from attending pursuant to the summons or subpoena shall be guilty of a gross misdemeanor."

[3]See People v. Teal, 196 N. Y. 372, 89 N. E. 1086, 17 Ann. Cas. 1175, 25 L. R. A. (N. S.) 120, which traces the history of the statute and commits New York to the same interpretation of the language involved as that adopted by our court in State ex rel. Thurston v. Sargent, *supra.*

[4]Minn. St. 613.76 provides: "Every person who shall maliciously practice any deceit or fraud, *or use any threat, menace, or violence, with intent to prevent any party to an action or proceeding * * * from procuring the attendance or testimony of any witness therein,* * * * shall be guilty of a gross misdemeanor." (Italics supplied.)

§ 613.09 and § 613.76 to the attention of the prosecution were unavailing.

An indictment or information, in order to be sufficient to support a conviction, must fairly apprise the defendant of the charge brought against him, in order, it has been said, that he might properly prepare his defense, and so that he is protected from subsequent prosecution for the same offense. State v. Eich, 204 Minn. 134, 139, 282 N. W. 810, 814. From another view, the object of the requisite of particularity in criminal pleading has been stated to be to inform the court of the facts alleged so that it may decide whether they are sufficient in law to support a conviction, if one should be had. United States v. Cruikshank, 92 U. S. 542, 558, 23 L. ed. 588, 593.

The minimal requirement, then, is that the indictment or information clearly apprise the accused and the court of the charge. But assuming such minimal standards are met, a mere irregularity or formal defect found in the indictment or information will not constitute ground for reversal of a conviction, the former common-law requisites of formality, technicality, and tautology in criminal pleadings having been relaxed by statute. Minn. St. 628.10; State v. Bolsinger, 221 Minn. 154, 172, 21 N. W. (2d) 480, 491. In order to meet the prescribed standard, even under our present more liberal criminal pleading, it must be clear from the charge what crime the defendant is alleged to have committed.

The fault in the instant case constitutes more than a mere irregularity, or misnomer of the crime. E. g., State v. Howard, 66 Minn. 309, 68 N. W. 1096, 34 L. R. A. 178. While it is true that the particular facts alleged in the description or charge of the indictment control, State v. Farrington, 59 Minn. 147, 60 N. W. 1088, 28 L. R. A. 395; State v. Meany, 262 Minn. 491, 115 N. W. (2d) 247, and that the discription in the charge here clearly indicates a gross misdemeanor was committed, i. e., a violation of Minn. St. 613.76 (attempting to suppress evidence), the limited claim of the prosecution was that defendant was guilty of a felony under § 613.09.

One may not be tried for one crime and convicted of another. Wright v. People, 104 Colo. 335, 91 P. (2d) 499, 123 A. L. R. 474;

State v. Coomer, 105 Vt. 175, 163 A. 585, 94 A. L. R. 1038. The prosecution must elect its theory of a case, and then the only evidence which is competent to support a conviction is such evidence as is relevant and material to the issues defined by that theory. Wright v. People, *supra*; State v. Coomer, *supra*. The state elected to prosecute this defendant for violation of § 613.09; therefore, it was bound by that election. The evidence that defendant urged the witness not to appear at trial or testify in a pending criminal case is insufficient to sustain a conviction on this charge. See, Rogers v. State, 112 Tex. Cr. 416, 16 S. W. (2d) 1079.

Since the evidence requires reversal as a matter of law, reference to the instructions of the trial court defining the word "fraudulently" is unnecessary. See People v. Berkowitz, 121 Misc. 40, 43, 200 N. Y. S. 823, 825, where the word as used in the New York statute is discussed.

Reversed and judgment ordered for defendant.