IN RE WELFARE OF WAYNE RONALD HITZEMANN.

161 N. W. (2d) 542.

August 30, 1968—No. 40,802.

*Ramon I. Esparolini,* for appellant.

*Douglas M. Head,* Attorney General, *William B. Randall,* County Attorney, and *Daniel J. Hollihan* and *Carl Conney,* Assistant County Attorneys, for respondent.

NELSON, JUSTICE.

Wayne Ronald Hitzemann, through his father and next friend, appeals from an order of the Juvenile Court of Ramsey County adjudicating him to be a delinquent and from an order denying his motion for an order vacating the court's findings, reversing its order, and granting a rehearing.

On October 4, 1966, John H. Roberts of the St. Paul Police Department filed the following petition in the said juvenile district court:

"Your Petitioner, * * * a reputable person and a resident of said County, represents that:

| NAME | ADDRESS | BORN |
|---|---|---|
| Hitzemann, Wayne Ronald | 204 Meadow Lane | 10-13-49 |
| Transue, Ronald Grant | 208 Sherrie Lane | 8-14-50 |
| | Woodbury Heights | |

Under the age of eighteen years and now within said County of Ramsey are Delinquent Children in this: That They did on October 3, 1966, at 8:46 p. m., at Montgomery Ward and Company in Sun Ray Shopping Center, steal two tires valued at approximately $50.00.

\* \* \* \* \*

"THEREFORE, Your Petitioner prays the Court to inquire into the alleged Delinquency of said Children and into the truth of the matters herein contained, in pursuance of the statute in such case made and provided, and to make such orders and judgment in the premises as to the Court may seem meet and proper."

The sole issue seems to be whether or not this petition was adequate to apprise appellant of the nature of the charge upon which the petition was based. Under Minn. St. 260.015, subd. 5(a), a "delinquent child" is defined as a child under the age of 18:

"Who has violated any state or local law or ordinance, except as provided in section 260.193, subd. 1."

The petition was filed pursuant to § 260.131. Subd. 3 of that section provides in part:

"* * * The petition shall set forth plainly:

"(a) The facts which bring the child within the jurisdiction of the court."

The petition alleged that at 8:45 p. m. October 3, 1966, appellant and a companion stole two tires valued at approximately $50 at Montgomery Ward and Company in Sun Ray Shopping Center, St. Paul. A question raised by appellant is whether that allegation set forth "plainly" the violation with which he was being charged so as to advise appellant and his counsel of the specific nature of the state's allegations. Appellant also presents the following issues:

"Does a petition to the juvenile court seeking a determination that a child under 18 years of age is a delinquent on the basis of a violation of a law fail to inform said child adequately of the law it is claimed he has violated so as to give rise to a right to a statement of particulars furnished by the county attorney where such petition avers that said child 'did * * * steal' certain personal property, without reference to the specific acts bringing the child's conduct within one of the subdivisions of M.S.A. section 609.52?"

"Is a finding of delinquency made by the juvenile court upon a petition seeking a determination that a child is a delinquent erroneous as

a matter of law where it is said to consist of larceny and evidence presented to establish the elements of a taking or possession was equivocal, and no evidence was presented to establish the requisite intent or the value of the property, such value having been averred in the petition?"

There are seemingly no Minnesota cases which deal specifically with a delinquency petition. By reference to analogous authorities dealing with the sufficiency of a criminal indictment or information, we find no merit in appellant's contentions.

■ It is claimed by appellant that while the petition merely states that appellant stole certain property, Minn. St. 609.52 sets forth many different acts and conduct which constitute theft. Appellant insists that the petition fails to indicate which kind of theft is being charged and thus does not inform the child or his counsel adequately, but the juvenile court held that the petition seeking a determination of juvenile delinquency was sufficient as a matter of law and was not so general that it gave rise to a right to a bill of particulars.

Minn. St. 628.30 provides that "all the provisions of law relating to indictments and for testing the validity thereof, shall apply to informations." In State v. Clark, 270 Minn. 538, 551, 134 N.W. (2d) 857, 866, the court said:

"An information is to be construed in the same manner as an indictment. The essential function of either is to apprise the defendant of the charge for which he is being held and tried. If it accomplishes that purpose, we think our statutes, as well as the case law of this state, require that we hold the information sufficient. State v. Mancino, 257 Minn. 580, 102 N.W. (2d) 504; State v. Wurdemann, 265 Minn. 92, 120 N.W. (2d) 317."

On appeal appellant again contends that the petition was sufficiently vague so as to give rise to a right to a bill of particulars. This court in State v. Meany, 262 Minn. 491, 498, 115 N.W. (2d) 247, 253, affirmed its holding in State v. Poelaert, 200 Minn. 30, 38, 273 N.W. 641, 645:

"* * * If an indictment is so general that it fails to give defendant adequate notice of the charge, the court should require a bill of particu-

lars. The propriety of such a requirement depends upon the facts of the particular case. The matter rests largely in the discretion of the trial court."

Upon the record presented, we think that the juvenile court could properly hold that the petition was sufficient as a matter of law and that it was not so general as to give rise to a right to a bill of particulars. The court did not abuse its discretion in refusing to require that a bill of particulars be furnished.

■ A juvenile court proceeding is not a criminal proceeding, but a juvenile court delinquency petition is similar to an indictment or information with respect to the issue of sufficiency and certainty of the charges made. This court has said that the sufficiency of an indictment under Minnesota law is to be determined by practical, not technical, considerations. State v. Suess, 236 Minn. 174, 52 N.W. (2d) 409.

We have also said that the essential feature of both an information and an indictment is to apprise the defendant of the charges for which he is being held and tried. If an information accomplishes that purpose, the statutes as well as the case law of this state require that it be held sufficient. State v. Clark, *supra*; State v. Mancino, 257 Minn. 580, 102 N.W. (2d) 504; State v. Nuser, 199 Minn. 315, 271 N.W. 811; 9 Dunnell, Dig. (3 ed.) § 4360.

Appellant has not attempted to show why a more strict standard should govern a petition charging delinquency than would apply, as has been indicated, to an indictment or information. We fail to see any indication the legislature contemplated any stricter standard, especially since § 260.131, which governs the contents of the petition, requires simply that it set forth *plainly* the facts which bring the child within the jurisdiction of the court. The word "plainly" can hardly be construed to mean "in detail." The juvenile court in this case, we think, properly found the petition sufficiently certain to advise the court and the child's counsel of the nature of the state's allegations.

Another argument on the part of appellant is that there is no evidence of intent to exercise dominion. The state contends that "intent to exercise dominion" is not a requirement of either the Juvenile Court

Act or the Criminal Code of 1963, and that, even if it were a requirement, cases are numerous supporting the proposition that a man is presumed to intend his voluntary acts. It is also well settled that intent may be proved by all the facts of the case and its surrounding circumstances. The trial court in the instant case could draw the inference of intent to exercise dominion from the fact that the youth was caught in the act of walking off with Montgomery Ward's tires. See, State v. Schabert, 222 Minn. 261, 24 N.W. (2d) 846; State v. Gowdy, 262 Minn. 70, 113 N.W. (2d) 578; State v. Townsend, 259 Minn. 522, 108 N.W. (2d) 608.

Another contention on the part of appellant is that the finding of delinquency is erroneous because evidence of the value of the stolen tires was not presented despite the fact that the petition averred they were worth "about $50.00." The variance, we think, is immaterial. See, 9 Dunnell, Dig. (3 ed.) §§ 4428, 4429; State v. Cohen, 196 Minn. 39, 263 N.W. 922. It appears to be well settled in Minnesota that the state need not prove every allegation in an indictment or information, it being enough to prove the crime charged. By the same principles the state need not prove every allegation in a juvenile court petition. We have held it to be sufficient if the proof agrees with the allegation in its substance and generic character, without precise conformity in every particular. State v. Bolsinger, 221 Minn. 154, 21 N.W. (2d) 480; State v. Duffy, 179 Minn. 439, 229 N.W. 558; 9 Dunnell, Dig. (3 ed.) § 4427.

■ The juvenile court could properly find appellant to be a juvenile delinquent in view of the fact that he was caught in the act of theft which formed the basis for the determination of juvenile delinquency. The record does not show that further certainty in the petition would have aided defense counsel to better understand the nature of the charge brought against appellant. Thus, for the reasons stated and based upon the authorities cited, the orders of the juvenile court must be affirmed.

Affirmed.