**In re WELFARE OF Lynda Gail RAINO, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 47132.**

Supreme Court of Minnesota.

June 17, 1977.

Wm. R. Kennedy, Hennepin County Public Defender, William J. Briere and Wright S. Walling, Asst. County Public Defenders, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson, and Phebe S. Haugen, Asst. County Attys., Minneapolis, for respondent.

Heard before ROGOSHESKE, YETKA and SCOTT, JJ., and considered and decided by the court en banc.

YETKA, Justice.

An appeal by a juvenile from an order of the Hennepin County District Court, Juvenile Division, affirming a finding of disorderly conduct. We reverse.

This appeal presents a single issue: Whether the juvenile court is permitted to amend the petition after an adjudicatory hearing to include an offense not originally charged and which is not a lesser included offense of the original conduct charged.

The facts are not in dispute. The appellant, a minor, was charged in Hennepin County District Court, Juvenile Division, with attempted theft. The petition alleged:

"On or about 2–11–76 [the defendant] did attempt to take one woman's white jacket, Jack Winter brand valued at $44.00 and one multi-colored blouse, size 10 valued at $22.00, property of Donaldsons, 601 Nicollet Mall, Minneapolis, Minn. without consent and with intent to deprive the owner permanently of said property."

The appellant denied the petition and a hearing was held before a referee. The referee found the petition proven true. The appellant appealed the decision pursuant to Rule 13.14 of the Hennepin County Juvenile Court Rules. The judge of District Court, Juvenile Division, reversed the referee's finding of attempted theft and entered a finding of disorderly conduct, Minn.St. 609.72, subd. 1(3). The appellant then moved the court to amend its order and to dismiss jurisdiction of the case on the grounds that disorderly conduct was not a lesser included offense of attempted theft. The district court affirmed its previous order, specifically stating "that disturbing the peace is a concomitant to theft in a public place during business hours and is a frequent result of a thwarted theft to the extent that it may be deemed a lesser included offense." From this order, the appellant appealed to this court.

On appeal, the state concedes disorderly conduct is not a lesser included offense of attempted theft. Instead, it argues the juvenile court was permitted to amend the petition after the trial to conform to the facts proven. To substantiate its claim the state argues that the juvenile court system is not a true adversarial proceeding, and that juvenile proceedings are not subject to Minn.St. 609.035 which requires all offenses arising from a single behavioral incident be "included in one prosecution which shall be stated in separate counts." It also claims applying adult standards to juvenile proceedings would require greatly increased numbers of prosecutorial personnel. These arguments are unpersuasive both on the basis of current constitutional principles and the Hennepin County Juvenile Court Rules.

Although the juvenile court system had its genesis in the desire to provide a distinctive procedure and setting to deal with the problems of youth, in recent years the courts have made applicable in juvenile proceedings constitutional guarantees associated with traditional criminal prosecutions.[1]

1. See, *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (notice of charges; right to

counsel; right of confrontation and cross-examination; privilege against self-incrimina-

One of these is notice of the charges against the juvenile. In *In re Gault*, 387 U.S. 1, 33, 87 S.Ct. 1428, 1446, 18 L.Ed.2d 527, 549 (1967), the United States Supreme Court stated:

" * * * Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.'

* * * * * *

" * * * Due process of law requires notice of the sort we have described— that is, notice which would be deemed constitutionally adequate in a civil or criminal proceeding. It does not allow a hearing to be held in which a youth's freedom and his parents' right to his custody are at stake without giving them timely notice, in advance of the hearing, of the specific issues that they must meet."

Also, this court has noted:

"A juvenile court proceeding is not a criminal proceeding, but a juvenile court delinquency petition is similar to an indictment or information with respect to the issue of sufficiency and certainty of the charges made." *In re Welfare of Hitzemann*, 281 Minn. 275, 279, 161 N.W.2d 542, 545 (1968).

Because disorderly conduct is not a lesser included crime of attempted theft the appellant did not receive notice of the offense charged so as to enable her to interpose a defense. Minn.St. 609.035. If a petition may be amended in such a manner after trial a juvenile might be found guilty of an offense with which he was not charged, did

not prepare for, and did not defend. The entire juvenile system would be short-circuited. The Hennepin County Juvenile Court Rules address the very question of amendment of a petition and require notice.[2] This rule was not followed in the present case.

The state concedes that disorderly conduct is not a lesser included crime of attempted theft, contrary to the lower court's order. To amend the petition on the basis of the arguments presented on appeal would not comply with either constitutional due process or the local court rules.

The juvenile court is reversed and the adjudication voided.

---

tion); *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (proof beyond a reasonable doubt); *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971) ("fundamental fairness" applies to juvenile court due process); *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975) (double jeopardy). See, also, *In re Welfare of I. Q. S.*, Minn., 244 N.W.2d 30 (1976).

**2.** H.R.J. 4–3: "Amendment—A petition may be amended at any time by the petitioner provided notice thereof is given to the parties at least six Court Hours before hearing, and thereafter amendment may be made only by stipulation approved by the Court or by leave of Court which shall be freely given when justice so requires. All amendments must be in writing with copies to all persons to whom the original petition was directed." See, also, Minn. JCR 3–6 (amendment of petition).