In the Matter of the WELFARE OF
J. B. M.

No. 47628.

Supreme Court of Minnesota.

Feb. 3, 1978.

William R. Kennedy, Hennepin County Public Defender, Gerard W. Snell, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, Chief, Appellate Division, David W. Larson, Phebe S. Haugen, and Lee W. Barry, III, Asst. County Attys., for respondent.

PER CURIAM.

This is an appeal by a juvenile, J. B. M., from an order of the Hennepin County District Court, Juvenile Division, granting the motion of the state for reference of the juvenile for prosecution as an adult. We affirm.

The substantive facts leading to the apprehension of the juvenile and the filing of the delinquency petition are not in serious dispute. On December 22, 1976, the juvenile absented from Woodland Hills Juvenile Treatment Facility in Duluth, to which he earlier had been committed. Shortly thereafter, he and an accomplice allegedly forcibly detained two 13-year-old girls and attempted sexual intercourse with both girls. The juvenile was arrested on December 23, 1976, pursuant to a complaint filed on behalf of both girls. The juvenile was later

identified in the lineup as one of the assailants.

The reference hearing was conducted in Hennepin County District Court, Juvenile Division. By order dated February 3, 1977, the court granted the motion for reference, finding that, although the juvenile is amenable to treatment in existing facilities in the juvenile court system, he has demonstrated a willingness to run which cannot be controlled by an existing facility and has committed serious offenses against others both aggressively and in a premeditated manner. In its reliance upon *State v. Duncan*, Minn., 250 N.W.2d 189 (1977), the juvenile court noted:

" * * * [T]he State has sustained its burden of proving that the child *must* be referred to the Adult Criminal System." (Italics supplied.)

As evidenced by the transcript of the reference hearing, the juvenile court apparently construed the *Duncan* decision as follows:

" * * * It is my reading of the *Duncan* case, as it interpreted state law, that if the offense is of sufficient dangerousness, the Juvenile Court loses all discretion and must certify the child to the adult court whether he is amenable or not, so on that basis the reference order was issued."

On February 23, 1977, the juvenile moved the court for a review of its order granting the motion for reference. By order dated February 28, 1977, the court reasoned that reference may be alternatively based upon a finding that the juvenile is not amenable to treatment or is a threat to public safety. Minn.St. 260.125, subd. 2(d). The court then concluded that the juvenile was a threat to public safety, applying the guidelines therefor contained in *State v. Hogan*, 297 Minn. 430, 212 N.W.2d 664 (1973), and *State v. Duncan, supra.*

For purposes of the appeal, the juvenile challenges the validity of the delinquency petition and the propriety of the order granting the motion for reference.

1. The juvenile argues that the delinquency petition, which incorporates language from Minn.St. 609.343, 609.345, 609.-22, and 609.24, is vague and indefinite in that the combination charge does not specifically constitute a violation of the laws of this state as required by §§ 260.125 and 260.231. He contends that he is unable to adequately prepare a defense unless the state enumerates the specific charges based upon statutory violations.

■ A review of the petition leads to the conclusion that it is sufficiently definite and certain to apprise the juvenile of the alleged violation of § 609.345, consistent with this court's fundamental requirement of providing the person charged with adequate information regarding the offense. *In re Welfare of Hitzemann,* 281 Minn. 275, 161 N.W.2d 542 (1968); *State v. Clark,* 270 Minn. 538, 134 N.W.2d 857 (1965).

2. The second issue raised is whether the juvenile court erred in employing an improper standard as a basis for its order granting the motion for reference.

As previously noted, the juvenile court apparently misconstrued the *Duncan* decision as mandating reference if the offense is of a sufficiently dangerous nature; as such, the court concluded that in these instances it was without discretion to make the independent evaluation of the § 260.125, subd. 2(d), criteria. Despite this interpretation of *Duncan,* the court did stay proceedings to allow further consideration of the problem.

After further arguments of counsel and the court's research, the district court issued its second order, dated February 28, 1977, which contained specific findings establishing the present dangerousness of the juvenile under the guidelines set forth in *State v. Hogan, supra.* The juvenile court was thus able to conclude that the public safety was not served by a retention of the juvenile within the juvenile court system. § 260.125, subd. 2(d).

■ The record in the instant case contains sufficient evidence to support the determination of the juvenile court as set forth in the amended order of February 28, 1977. The juvenile court reviewed the ju-

venile's extensive record of assaultive and violent behavior in light of the suggested criteria contained in *State v. Hogan, supra,* and reiterated in *State v. Duncan, supra.* The court was then able to conclude that the juvenile is a threat to public safety, is a runner, and cannot be controlled within available facilities. These findings are supported by testimony of a psychologist to the effect that the juvenile required a full security system.

As such, the order of the district court dated February 28, 1977, granting the motion for reference is affirmed.

■ However, we feel that it is necessary to comment upon the cumulative principles controlling the juvenile court's decision upon motions for reference. Summarily, the juvenile court is vested with broad discretion in determining whether either of the statutory criteria exists upon which to base its reference decision. Although the nature of the offense is certainly a factor to be considered in this determination and may serve as a basis for statutory reference as in *State v. Hogan, supra,* this court has not held that reference is mandatory when a serious crime is involved. *State v. Duncan, supra.*

■ If the court finds that the juvenile is suitable for treatment and that no threat to public safety exists by virtue of his retention in the juvenile system upon full review of all the factors leading to that decision, neither of the alternative statutory criteria has been satisfied and reference is improper. If, on the other hand, the court determines that the nature of the offense justifies a finding that the public safety would not be promoted by the retention of the juvenile in the juvenile system, it may within its discretion grant a motion for reference. Upon appeal from that determination, the matter will be reviewed by the standards set forth in *In re Welfare of I. Q. S.,* 309 Minn. 78, 244 N.W.2d 30 (1976).

Affirmed.